IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT M. GATES,<br>Secretary of Defense, in his official capacity,<br><br>Defendant. | Misc. Nos. 07-220, 07-221, 07-222 (JDB) |

## PLAINTIFFS' STATUS REPORT

Plaintiffs Jewish War Veterans of the United States of America, Inc., Richard A. Smith, Mina Sagheb, and Judith M. Copeland ("Plaintiffs") submit this Status Report in accordance with the Court's September 18, 2007 Order ("Order"). *See Jewish War Veterans of the U.S., Inc. v. Gates*, --- F. Supp. 2d ----, 2007 WL 2702012, at *30 (D.D.C., Sept. 18, 2007). The Court's Order required Congressmen Hunter, Issa, and Bilbray (collectively, "the Members") to produce documents responsive to Plaintiffs' subpoenas. Specifically, the Court ordered the Members to produce "as soon as is practicable all documents responsive to specifications 1, 2, 4 and 6," and to produce "as soon as is practicable all documents responsive to specifications 3, 5, 7 and 9 that are not protected by the Speech or Debate Clause." *Id.* The Court also directed the Members to file a status report on their compliance with the discovery order by October 4, 2007. *Id.* The Members have done neither, nor have they asked this Court for a stay of the Order. As a result, the Members clearly are in violation of the Court's Order.

The Members have now had three weeks to produce the documents – an ample amount of time given that compliance would not impose a heavy burden. As Members' counsel

acknowledged at oral argument, and as the Court pointed out in its Memorandum Opinion, "[d]ocuments in Representative Hunter's possession responsive to the nine specifications filled one banker's box, while those held by Congressmen Issa and Bilbray combined filled only an expandable file folder." *Id.* at *18. This concession demonstrates that the volume of documents that the Members must produce is quite modest. It also demonstrates that, prior to the motions hearing, counsel for the Members had already identified many of the responsive documents – clearly a sign that complying with this Court's production order would have required minimal time and expense, and no burden. In addition, as of October 9, 2007, the Members have not filed any Status Report despite the Court's clear order to do so by October 4. The Members are therefore in clear violation of the Order.

On September 27, 2007, the Members filed a Notice of Appeal of the Order. The Order in question, however, is not a final appealable judgment and Plaintiffs intend to move promptly to dismiss it.[1] Moreover, the filing did not in any way relieve the Members of their obligation to comply with the Order. *See, e.g.*, D.C. Circuit Handbook of Practice and Internal Procedures § VIII.A ("Filing a notice of appeal, or obtaining permission to appeal, generally does not automatically stay the operation of the judgment or order under review.").

The enforcement of the Order is time-sensitive. Plaintiffs are due to file their final summary judgment briefs in the underlying litigation in San Diego on November 29, 2007 – a

---

[1] The Order did not "end[] the litigation on the merits [or] leave[] nothing for the court to do but execute the judgment." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1209 (D.C. Cir. 2004). Far from ending the litigation, the Order initiated a process – to be monitored by the Court – that required (1) the Members to file a Status Report by October 4, 2007; (2) JWV to file any Response by October 9, 2007; and (3) scheduled a Status Conference for October 11, 2007. *Jewish War Veterans*, 2007 WL 2702012, at *30. In addition, the Court explicitly "ke[pt] open the possibility of conducting a review of the documents" in camera, should there arise a question whether the Members have fully complied with its order to produce the required documents. *Id.* at *29. In fact, an order of contempt is the only path the Members can follow to obtain review of the underlying Order on appeal. *See, e.g.*, *Cunningham v. Hamilton County*, 527 U.S. 198, 204 n.4 (1999) ("[W]e have repeatedly held that a witness subject to a discovery order, but not held in contempt, generally may not appeal the order."); *In re Sealed Case*, 141 F.3d 337, 339 (D.C. Cir. 1998) ("Ordinarily a discovery order is not considered final and hence may not be immediately appealed under 28 U.S.C. § 1291. A party seeking interlocutory review must instead disobey the order and be cited for contempt.")

fact of which Members' counsel is certainly aware, given the Members' continued efforts to prevent the deposition of Charles LiMandri from going forward.  The most logical conclusion to be drawn from the Members' actions – i.e., appealing a clearly non-appealable decision – is that they are attempting to drag out the instant subpoena litigation long enough to deprive Plaintiffs of the ability to use the documents this Court has ordered the Members to produce in their summary judgment motion.  The Court should put a stop to these machinations and require the Members to comply with its Order immediately.

We are mindful that an order holding members of Congress in contempt should not issue casually.  To that end, the *JWV* plaintiffs have reminded the Members of their ongoing legal obligations with respect to the pending Order and the lack of a proper basis for invoking appellate review.  Although the Members initially declined to recognize any ongoing obligation to comply with the Order, they recently changed course and acknowledged that the *JWV* plaintiffs were correct about their ongoing obligations with respect to the Order.  As a result, they indicated that they would now seek a stay of such Order pending appellate review.  To date, however, they have not filed the stay nor have they sought to excuse or otherwise remedy their prior violation of the Order.  Unless the Members cure their violation of the Court's order immediately, the Court would be well within its power to hold them in contempt.[2]

                Respectfully submitted,

                      /s/ Jonathan H. Siegelbaum
                T. Jeremy Gunn (Bar No. 417222)
                Daniel I. Mach (Bar No. 461652)
                ACLU PROGRAM ON FREEDOM OF
                    RELIGION AND BELIEF

---

[2] A finding of contempt is appropriate where a person fails to produce documents that the Court has compelled the person to produce pursuant to a subpoena.  *See, e.g.*, Fed. R. Civ. P. 45(e); *Food Lion, Inc. v. United Food and Commercial Workers Intern. Union, AFL-CIO-CLC*, 103 F.3d 1007, 1015-16 (D.C. Cir. 1997).

AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
915 15th St., N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 675-2330
Facsimile: (202) 546-0738

A. Stephen Hut, Jr. (Bar No. 192856)
Jonathan H. Siegelbaum (Bar No. 474837)
Ryan Phair (Bar No. 479050)
Adam Raviv (Bar No. 496289)
WILMER CUTLER PICKERING HALE &
   DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C.   20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs Jewish War Veterans of the United States of America, Inc., David A. Smith, Mina Sagheb, and Judith M. Coleman*

October 9, 2007